■ In the Matter of SYLVESTER J. DE KENIPP et al., Appellants, v. ROLANDO RODREQUIZ et al., Respondents.— Originally, this action had been commenced in the Supreme Court. At a pretrial conference in March, 1959, the action, by consent, had been transferred to the County Court. Such consent and such transfer, however, were predicated on the facts then known. Based on additional facts subsequently ascertained, petitioner made the present application to return the action to the Supreme Court. It appears from this record that the doctor who treated petitioner has unequivocally averred that she has a herniated disc, which is painful, disabling and permanent; and that the accident was a competent producing cause of her injury. His diagnosis is supported by the hospital admission and discharge diagnosis. Her bill of particulars stated that she had suffered such injury. There is no opposing affidavit by respondents' doctor, who had examined the petitioner. On this record, and under the peculiar circumstances of this case, it is our opinion that appellants are entitled to a return of this action to the Supreme Court (see *Gilbert* v. *Genovese Drug Stores*, 13 A D 2d 817; *Jacobs* v. *Milazzo*, 9 A D 2d 950; *Hocherman* v. *I. & G. Service Corp.*, 5 A D 2d 813; *Denardo* v. *Brodsky*, 9 A D 2d 790; *Weinstein* v. *Valukis*, 8 A D 2d 748; *Congress* v. *Congress*, 284 App. Div. 807). Kleinfeld, Christ, Pette and Brennan, JJ., concur; Beldock, Acting P. J., dissents and votes to affirm, with the following memorandum: The accident happened on October 22, 1956, when respondents' automobile backed into the parked car in which petitioner was then seated. The contact was slight. In an action commenced in 1957 in the Supreme Court, Nassau County, petitioner in her bill of particulars claimed a herniated nucleus and in her complaint demanded judgment for $60,000. On March 4, 1959, at a pretrial conference, the action was transferred to the County Court, on the consent of the attorneys for both sides. Thereafter, on March 20, 1959, petitioner was examined by a neurologist to whom she was referred by her own physician. The neurological examination, done in complete detail, was negative in its entirety. On July 30, 1959, appellants (petitioner and her coplaintiff) retained their present attorney. On April 23, 1960, petitioner underwent a myelogram, which was negative. Despite the negative myelogram, the attending physician states that "it is presumed that the patient probably has a herniated nucleus." This record does not warrant interference with the

discretion of the Special Term in denying the motion to transfer the case back from the County Court to the Supreme Court. A finding by a jury of a herniated disc, based on the opinion of a medical expert contrary to scientific tests made to determine the existence of such a disc, would be against the weight of the evidence (*Larson* v. *Metropolitan Life Ins. Co.*, 266 App. Div. 986).