■ PAUL T. MIESS et al., Respondents, v. ROBERT WALKOWIAK et al., Appellants.— Order unanimously reversed, without costs, and motion denied. Memorandum: There is insufficient support in the record for the order made three years after the accident and 18 months after plaintiff's original bill had been served. "A motion for leave to serve an amended bill of particulars must be supported by an affidavit of a person with knowledge of the facts" (6 Carmody-Wait 2d, New York Practice, § 36:67; *Montondo* v. *Petty*, 21 A D 2d 975). The hearsay affidavit of plaintiff's attorney and the minutes of her examination before trial fail to show that the new particulars were unknown when the original bill was served and show no facts excusing her delay in seeking the relief. (Appeal from order of Erie Special Term granting plaintiff's motion to serve an amended bill of particulars.)  Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.

■ EDWARD A. GORMEL, Respondent, v. PFUNTNER SALES & SERVICE, INC., et al., Appellants, et al., Defendants.— Order unanimously reversed, without costs, and motion denied. Memorandum: No adequate special circumstances have been set forth in the moving papers to authorize pretrial examinations of nonparty witnesses to be preserved for the trial. (*McElligott* v. *Harper Vending*, 24 A D 2d 850.)  (Appeal from order of Livingston Special Term granting plaintiff's motion to take depositions before trial.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.

■ MARY K. HALPERN et al., Respondents, v. NIAGARA FRONTIER TRANSIT SYSTEM, INC., Appellant, et al., Defendants.— Order unanimously reversed, without costs, and motion denied, upon condition that appellant comply with the terms of the order entered hereon. Memorandum: Special Term and counsel for respondents have construed too broadly the language contained in our prior order modifying the order of October 19, 1965. Reports and statements were to be limited to those "made and submitted" by employees. Photographs "taken and submitted" were also to be made available. (Appeal from order of Erie Special Term striking answer conditionally.)  Present — Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ARTHUR LAWRENCE, Appellant, v. J. EDWIN LA VALLEE, as Warden of Auburn Prison, Respondent.— Order unanimously affirmed. Memorandum: If perchance appellant has any proof that he was under 16 years of age at the time of his conviction, the facts should be averred in a new petition. (*People* v. *Smyth*, 3 N Y 2d 184.) (Appeal from order of Cayuga Special Term, denying, without a hearing, application for a writ of habeas corpus.)  Present — Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ.