■ JOHN C. SHEA, Respondent, v. FRANCESCO PELLICANO, Defendant, and PAUL SACCA et al., Doing Business as SACCA FOOD FAIR, Appellants.— Order reversed, without costs, and motion denied. Memorandum: Defendants appeal from an order of Erie Special Term which permitted plaintiff to serve a supplemental bill of particulars after he had certified that the case was ready for trial. The action was commenced on September 27, 1962 to recover damages for personal injuries and property damage sustained in an automobile collision on May 22, 1962. Issue was joined on October 12, 1962. On January 7, 1963 plaintiff served a bill of particulars and filed a note of issue with a statement of readiness. On March 13, 1964 the case was taken off the calendar and on October 30, 1964 plaintiff's attorney again certified the case ready for trial and it was then restored to the Trial Calendar. During trial on October 20, 1965 an objection to medical testimony of injuries not included in the bill of particulars was sustained and the court granted plaintiff's motion for a mistrial. The case went to the General Docket where it remained for 11 months until plaintiff again certified the case ready for trial on September 7, 1966. Six months thereafter on March 16, 1967, this motion was made for permission to serve a supplemental bill of particulars without showing that the injuries specified in the proposed supplemental bill were unknown when plaintiff certified the case ready for trial on September 7, 1966. By filing the certificate plaintiff waived his right to serve a supplemental bill of particulars except in special and extraordinary circumstances. (Erie County Supreme Court Rules, rule V; *Cerrone* v. *S'Doia*, 11 A D 2d 350.) "Where there has been a long delay and a statement of readiness has been filed, judicial discretion in allowing amendments should be 'discreet, circumspect, prudent and cautious.'" (*Symphonic Electronic Corp.* v. *Audio Devices*, 24 A D 2d 746.) Here there was no showing of such unusual and unanticipated conditions as to justify relaxation of the provisions of rule V. (cf. *Pioneer Jewelry Corp.* v. *All Continent Corp.*, 24 A D 2d 436; *Andresen* v. *Buffalo Tr. Co.*, 23 A D 2d 813; *Schweigard* v. *Consolidated Edison Co.*, 23 A D 2d 649; *Jacobs* v. *Peress*, 23 A D 2d 483; *Byrnes* v. *Dan's Taxi*, 18

A. D 2d 807). Furthermore, the hearsay affidavit of plaintiff's attorney is insufficient support for the order appealed from. "A motion for leave to serve an amended bill of particulars must be supported by an affidavit of a person with knowledge of the facts". (6 Carmody-Wait 2d, New York Practice, § 36:67; *Miess* v. *Walkowiak*, 27 A. D 2d 797; *Montondo* v. *Petty*, 21 A. D 2d 975.) All concur except Bastow and Witmer, JJ., who dissent and vote to affirm. (Appeal from order of Erie Special Term granting motion for leave to serve a supplemental bill of particulars.) Present — Williams, P. J., Bastow, Marsh, Witmer and Henry, JJ.