MARY J. PALMER, as Administratrix of the Estates of ANTHONY TRIVELLA, Deceased, and VIOLET TRIVELLA, Deceased, Respondent, *v.* NEW YORK CITY TRANSIT AUTHORITY, Appellant.

First Department, December 9, 1969.

*Abraham Satran* of counsel (*Helen R. Cassidy* with him on the brief; *Sidney Brandes,* attorney), for appellant.

*Alfred S. Julien* of counsel (*Helen B. Stoller* with him on the brief; *Julien, Glaser & Blitz,* attorneys), for respondent.

MARKEWICH, J. This appeal is from Special Term's grant of permission to plaintiff administratrix to add to a complaint for personal injuries a second cause of action for wrongful death of the intestate. The only difficulty we apprehend is that the motion was not made until the case had been assigned for trial.

When this young decedent came to his tragic death in 1967, he was a mental patient, having been in and out of several State hospitals, and addicted to barbiturates, marijuana, and

alcohol. The papers submitted in support of the motion depict, in his sister's affidavit, the steady march of his disintegration from the time of the subway accident in 1962 which had transformed him into an amputee with other disabling and disfiguring permanent injuries. The official records of the State hospitals were subpoenaed to court and submitted on the motion; they have been read here, and are at least the equivalent of anything that could be recited in "a proper medical affidavit from a physician who had treated plaintiff's intestate prior to his death". Dr. Mulvaney, a medical expert, has submitted his affidavit after having reviewed the decedent's history, as stated in the sister's affidavit, and read the medical records written at State hospitals. In that affidavit he stated his opinion "based upon a reasonable degree of medical certainty that the traumatic amputations and other injuries sustained by Anthony Trivella in the March 17, 1962, subway accident caused a complete mental and physical deterioration of decedent, and said subway accident was the competent producing cause of Anthony Trivella's death, ' psychosis due to alcohol ', ' pathological intoxication ', on May 22, 1967." It is difficult to see how plaintiff could more cogently "show a causal relationship between the injuries sustained and the subsequent death." By these sworn statements and exhibits there has been "submitted an affidavit showing the merits of the case."

What remains for consideration is "the reason for the delay and the fact that the amendment is warranted by reason of facts which have recently come to the attention of plaintiff and excusing the failure or negligence necessitating the amendment so far as these facts are within the knowledge of plaintiff." This is supplied by counsel's affidavit. To repeat, the accident occurred in 1962, the action was started a year later, and plaintiff's intestate died in 1967. The records here relied on as providing a basis for the application are confidential; indeed, as supplied to this very court under subpoena, they came under seal, bearing the Attorney-General's solemn recital of sections 20 and 34 of the Mental Hygiene Law, and CPLR 4504, all relating to the confidential nature of such records. They were not made available to counsel until subpoenaed to court for trial, and not even then until the Justice who was about to try the case so directed. Application was made to amend as soon as it was ascertained that the records provided a causal relationship between accident and death, and the case was accordingly returned to the calendar part and the motion made that is

here reviewed. Plaintiff was not "guilty of gross laches in moving a year and a half after her appointment as administratrix" for she did move as soon as the facts were known to her. It is not realistic to argue that she should have applied to a court at an earlier date for permission to inspect these records, for there is no reason to infer that any one not privy to the records would have reason to believe or suspect that they would have provided evidence of causal relation.

Nor is there any showing of prejudice to defendant by addition of this cause. The issues are the same as before as to liability and physical trauma, and, as to mental trauma, the same evidence is equally available to both sides.

Even though the court at Special Term failed to set forth the reasons, in the opinion there, for granting plaintiff's application to amend the complaint, they have been amply gleaned from a search of the record. They provide a factual basis for all the necessary allegations of a complaint for wrongful death: that plaintiff's intestate suffered an injury as the result of defendant's negligence to which he did not contribute, and that the resultant physical trauma progressed to mental and emotional trauma and, inevitably, to the addictions that brought about death. The denial to plaintiff of the opportunity, in these circumstances, to plead this cause would constitute, in our view, an abuse of discretion as a matter of law in the extraordinary circumstances found here. The order granting the motion should be affirmed, with costs and disbursements. The interests of justice so require.

STEUER, J. (dissenting). I dissent and would reverse and deny the motion.

Plaintiff was guilty of gross laches in moving a year-and-a-half after her appointment as administratrix when the case was in a Blockbuster Part for trial. Further, the moving papers are defective in that they fail to include a proper medical affidavit from a physician who had treated plaintiff's intestate prior to his death and who could be in a position to show a a causal relationship between the injuries sustained and the subsequent death. On an application of this kind there should be submitted an affidavit showing the merits of the case, the reason for the delay and the fact that the amendment is warranted by reason of facts which have recently come to the attention of plaintiff and excusing the failure or negligence necessitating the amendment so far as these facts are within the knowledge of plaintiff. (*Koi* v. *P. S. & M. Catering Corp.,* 15 A D 2d 775;

*Cox* v. *New York Tel. Co.,* 10 A D 2d 565; and cases cited in dissenting opinion in *Teplitsky* v. *Kamensky,* 9 A D 2d 671.)

CAPOZZOLI, J. P., and McGIVERN, J., concur with MARKEWICH, J.; STEUER, J., dissents in opinion in which McNALLY, J., concurs.

Order entered on March 18, 1969, affirmed, with $30 costs and disbursements to the respondent.