SALLY BERNAS, Appellant, *v.* ANNA KEPNER, Respondent.

Fourth Department, February 18, 1971.

*Peter A. Vinolus (Thielman & Lalime, by Phillip A. Thielman* of counsel), for appellant.

*Pottle, O'Shea, Adamson, Reynolds & Napier (James C. Zyskowski* of counsel), for respondent.

HENRY, J. Plaintiff appeals from a Special Term order which denied her motion for leave to serve an amended bill of particulars setting forth medical expenses incurred and injuries discovered after service of her original bill. She seeks to recover damages for injuries sustained in an automobile collision on

May 21, 1967. Her original bill of particulars was served on January 2, 1968. Thereafter on April 21, 1970 she moved for leave to serve an amended bill on the affidavit of her attorney and of two physicians who had examined and treated her. The affidavits of the physicians, one of whom had treated her continuously since the date of her accident, show that she was hospitalized in September, 1969 because of her continuing complaints of pain related to the accident of May 21, 1967. They diagnosed the injuries and stated some of the expenses shown in the proposed amended bill of particulars. The other expenses are shown in the attorney's affidavit. Thereafter; in December, 1969, plaintiff's attorney at a pretrial conference told defendant's attorney that plaintiff had been hospitalized. Defendant's attorney said he would oppose any motion to amend the bill of particulars. No such motion having been made when trial of the action commenced in February, 1970, and defendant's attorney having said at the trial that he would object to any proof of injuries or expenses not shown in the original bill of particulars, a mistrial was declared to permit plaintiff to make a motion at Special Term, which she did in April, 1970. There was a delay of eight months from the time that the new injuries and expenses were known until the motion was made to include them in an amended bill of particulars. Defendant's attorney had, however, received information thereof three months, and again five months thereafter.

Special Term, in denying plaintiff's motion, held that she had delayed in making her motion for an unexcusably long period of time. Respondent on this appeal also claims that plaintiff's motion papers were defective because the affidavit in support of the motion was not made by her but by her attorney.

A motion for leave to serve an amended bill of particulars must be supported by an affidavit of a person with knowledge of the facts and ordinarily the affidavit of the plaintiff's attorney would not be sufficient to support the motion. (*Shea* v. *Pellicano,* 29 A D 2d 840; 6 Carmody-Wait 2d, New York Practice, § 36:67.) Where, as in this case, however, the facts required to support the motion are known by the physicians who treated plaintiff and are sufficiently stated by them, her affidavit is not required (cf. *Koupash* v. *Grand Union Co.,* 34 A D 2d 695; *Ryan* v. *Collins,* 33 A D 2d 966; *Ehrhardt* v. *Rampant,* 34 A D 2d 591).

Although plaintiff should have made the motion before the case was reached for trial, her failure to do so does not require denial of the motion. (*Silverman* v. *Ashe,* 22 A D 2d 659.) Amendment of the bill of particulars may be allowed upon such terms as may be just including the granting of costs (CPLR

3025, subd. [b] ; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3041.21). Because of appellant's delay in making the motion respondent necessarily prepared for and attended the trial at which plaintiff's motion for a mistrial was granted. Plaintiff should be required to pay costs of the action to date and submit to a physical examination and an examination before trial if requested by defendant to do so. (Cf. *McSweeney* v. *Levin*, 32 A D 2d 760, app. dsmd. 25 N Y 2d 906; *Chema* v. *Arundel Transfer & Stor. Co.*, 23 A D 2d 768; *Overgaard* v. *Brooklyn Bus Corp.*, 257 App. Div. 829.)

The order should be reversed and the motion granted upon condition that plaintiff pay the costs of the action to date and submit to a physical examination and an examination before trial if requested by defendant to do so.

GOLDMAN, P. J., MARSH, WITMER and GABRIELLI, JJ., concur.

Order unanimously reversed, without costs of this appeal to either party, and motion granted in accordance with the opinion by HENRY, J.