■ ABE HOFFMAN et al., Appellants, v Estate of FREDERIC HOFFMAN et al., Respondents.—In an action *inter alia* for a judgment declaring that plaintiffs are vested with absolute title in fee to certain real property, plaintiffs appeal from a judgment of the Supreme Court, Nassau County, entered February 6, 1975, which, after a nonjury trial, *inter alia,* declared that defendant Emmy Hoffman has absolute title in fee to the said real property. Judgment affirmed, without costs or disbursements, upon the opinion of Mr. Justice Albert at Special Term. Hopkins, Acting P. J., Martuscello, Latham, Titone and Hawkins, JJ., concur.

■ ANNE M. HORNUNG, an Infant by Her Parent and Natural Guardian, HARRY HORNUNG et al., Plaintiffs, v RAYMOND A. MUCCI et al., Defendants. PEGGY ALEXANDER, Respondent, v KAREN GOOD, an Infant by JOSEPH GOOD, Her Natural Parent, et al., Appellants, et al., Defendant.—In consolidated negligence actions, the defendants Good and Dean appeal from (1) an order of the Supreme Court, Queens County, dated April 1, 1975, which, *inter alia,* granted the motion of the plaintiff Alexander (a) for leave to serve a supplemental bill of particulars, (b) to transfer the case from the Civil Court of the City of New York, Queens County, to the Supreme Court, Queens County and (c) for a general preference and (2) a further order of the same court, dated October 6, 1975, which resettled the prior order by restoring the action to the ready day calendar on condition that respondent submit to a physical examination. Orders affirmed, without costs or disbursements. The examination shall take place by the doctor and at the place stated in the order dated October 6, 1975, and shall proceed upon written notice of not less than 10 days, to be given by appellants, or at such time as the parties may agree. Special Term had the authority to entertain a motion to transfer even though the action had been previously transferred to the Civil Court (see NY Const, art VI, § 19, subd a; *Matter of De Kenipp v Rodrequiz,* 14 AD2d 578). Since the moving papers contained a sufficient medical affidavit, which formed the complete basis for the plaintiff's attempt to serve a supplemental bill of particulars, and since plaintiff was a passenger in the vehicle which collided with the car owned by appellant Dean and operated by appellant Good, there was no necessity for the inclusion of an affidavit of merits (see *Bernas v Kepner,* 36 AD2d 58; *Koupash v Grand Union Co.,* 34 AD2d 695; *Ryan v Collins,* 33 AD2d 966). The moving papers themselves established that new consequential damages may have developed as a result of the accident. Therefore, despite the lengthy and unexplained delay in serving the supplemental bill, Special Term did not abuse its discretion in conditionally granting the motion. Any potential prejudice was cured by the requirement that respondent undergo a new physical examination to be conducted by appellants' physician. In addition, Special Term properly imposed a full bill of costs on respondent for her lengthy delay. Cohalan, Acting P. J., Margett, Damiani, Rabin and Shapiro, JJ., concur.