■ JOSEPH McLEOD et al., Respondents, v ROBERT F. DUFFY, Appellant. (Action No. 1.) JOSEPH McLEOD, Respondent, v CHARLES W. NOVARA et al., Appellants. (Action No. 2.)—Order unanimously reversed, without costs, and motion denied. Memorandum: An inordinate delay in applying for permis-

sion to serve supplemental bills of particulars which is not satisfactorily explained is cause for refusal to permit the amendment. This rule is particularly applicable here where certificates of readiness have been filed *(Hernandez v Ezrow,* 24 AD2d 730 [motion made five years after issue joined]; *Miller v Davis,* 24 AD2d 730 [motion made 20 months after incurring additional expense and discovery of further injuries]; *Ryan v Keller,* 24 AD2d 837 [motion made two and one-half years after certificate of readiness and knowledge of additional injury]). By filing a certificate of readiness plaintiff waives his right to amend a bill of particulars except upon a showing of special and extraordinary circumstances *(Shea v Pellicano,* 29 AD2d 840, app dsmd 22 NY2d 753). Plaintiffs filed three certificates of readiness with respect to the two actions without making any attempt to amend the bills of particulars, although for well over two years they were fully cognizant of the new material sought to be included in the proposed bills of particulars. No excuse is given in plaintiffs' or their counsel's affidavits other than law office failure. The delay is inordinate and unjustified in this case, now almost nine years old since the date of the accident, and for that reason alone, the motion to amend should be denied *(Miess v Walkowiak,* 27 AD2d 797; *Doyle v Killeen,* 28 AD2d 969). Furthermore, there is a real possibility of prejudice to defendants should plaintiffs be granted the relief sought (cf. *Bernas v Kepner,* 36 AD2d 58; *Kerlin v Green,* 36 AD2d 892). The injuries alleged in plaintiffs' original bills of particulars did not indicate a particularly severe injury to plaintiff's back as a result of the accident, with only minor loss of wages and medical specials. No reference was made to the hospitalization or absence from work which plaintiffs would now allege, although such occurrences antedated the original bills of particulars. Plaintiff had a cervical operation in 1964 which condition, it was alleged, was aggravated by the 1967 accident. However, suit was not commenced until late 1970, upon the eve of the expiration of the Statute of Limitations. An assertion was made in 1971 at an examination before trial that an attempt to amend the bill of particulars by stipulation or motion would be made to relate 1971 back problems to the 1967 accident. It is entirely reasonable that in light of the 1964 operation, defendant viewed the claim as a minor one and that little credence was given to plaintiff's assertion of a relationship between the 1971 sacro flareup and the 1967 accident. The plaintiffs showing so little interest in the formal assertion of the *bona fides* of the new sacro aggravation gives credence to the assertion that defendants were lulled into the belief that the new claim was not being asserted. (Appeal from order of Erie Supreme Court—bill of particulars.) Present—Marsh, P. J., Mahoney, Dillon, Goldman and Witmer, JJ.