■ In the Matter of NEWARK SUPERMARKET INC., Respondent, v STATE LIQUOR AUTHORITY et al., Appellants.—Order unanimously modified and determination annulled in accordance with memorandum and, as modified, affirmed, with costs. Memorandum: The facts are well set forth in Special Term's opinion and need not be repeated. That court properly stated its power to review the administrative action of appellant State Liquor Authority (Authority) and to determine whether "such action by the Authority was arbitrary and capricious on all of the facts before the Authority". The test of whether the determination has a rational and reasonable basis is succinctly stated by the Court of Appeals in *Matter of 125 Bar Corp. v State Liq. Auth.* (24 NY2d 174, 178–179) in this statement: "The review * * * is not substantiality of the evidence but the rationality of the administrative act *(Matter of Sled Hill Cafe v. Hostetter,* 22 N Y 2d 607, 612; cf. *Matter of Colton v. Berman,* 21 N Y 2d 322, 329; see 1 N. Y. Jur., Administrative Law, §§ 121, 178, 184, 185)." The sole basis for denial of respondent's application to secure a beer license for its new grocery business in Lyons, New York, was the disciplinary action taken by the Authority for acts committed by the respondent in his other grocery store located in Newark, New York. The Authority's determination in that matter was reviewed by Supreme Court, Special Term (not the same Justice as in the case at bar) and the penalty reduced from the revocation of license and forfeiture of bond to suspension of license for 90 days. That court found "The harshness of the penalty imposed, in view of the facts found, is shocking to one's sense of fairness (Mtr. of Pell v. Bd. of Education, 34 N Y 2d 222)." To punish respondent again for his acts for which he has paid the penalty is patently unfair and the Authority's determination to do so is arbitrary and capricious. It has no rational or reasonable basis. Special Term properly annulled the determination but remitted the matter to the Authority for "a full and fair hearing" and directed a "reconsideration in the light of the rejection of the impermissible ground * * * to decide *de novo* whether petitioner's application should be granted or denied". All of the facts were before the Authority and Special Term in consideration of the instant application. A new hearing can add nothing and no good purpose can be served by such a hearing. We, therefore, modify Special Term's order by deleting the last paragraph which provides for remand to the Authority for a hearing. (Appeal from order of Wayne Supreme Court—article 78.) Present—Marsh, P. J., Moule, Dillon, Goldman and Witmer, JJ.

■ GARY ANDZEL et al., Appellants, v EUGENE SCHUBBE et al., Respondents.—Order unanimously affirmed, with costs. Memorandum: The nature and extent of the plaintiff Gary Andzel's injuries were known since April, 1973. Subsequently plaintiff twice certified the case as ready for trial. He made no effort to amend the *ad damnum* clause until March 25, 1976, the day before a jury was to be selected, when an order to show cause was obtained returnable the following morning. After the jury selection Special Term heard and denied plaintiff's application. In these circumstances the order was a proper exercise of discretion. (Appeal from order of Erie Supreme Court—*ad damnum* clause.) Present—Marsh, P. J., Moule, Dillon, Goldman and Witmer, JJ.