■ JAMES M. GARDNER, Appellant, v FYR-FYTER COMPANY, INC., et al., Respondents. STOP-FIRE, INC., Third-Party Plaintiff-Respondent, v FIRE EQUIPMENT MANUFACTURING CORPORATION et al., Third-Party Defendants-Respondents.—Order unanimously modified, in accordance with memorandum and, as modified, affirmed, without costs, Simons, J., not participating. Memorandum: Plaintiff appeals from a denial of his motion to serve an amended bill of particulars, to amend the *ad damnum* clause of his complaint from $100,000 to $300,000 and to amend his complaint to state a cause of action based upon a theory of strict liability. Special Term properly denied plaintiff's motion to amend his bill of particulars and to amend his *ad damnum* clause. Plaintiff's injury occurred in 1966; the original complaint was filed in 1968. After plaintiff stated that his case was ready for trial on April 28, 1975, he cross-moved the next day to amend the bill of particulars to add a claim of $11,327 for loss of retirement benefits caused by plaintiff's use of 213 days of accumulated sick leave while disabled between July 23, 1966 and March 21, 1967 and $8,864.27 for losses due to forced early retirement. Generally, leave to serve an amended bill of particulars is freely granted (CPLR 3025, subd [b]). Such is not the case, however, when the amendment is sought after the filing of a statement of readiness, absent a showing of "special and extraordinary circumstances" *(Burnett Process v Richlar Inds.,* 47 AD2d 994; *Shea v Pellicano,* 29 AD2d 840, app dsmd 22 NY2d 753). Plaintiff failed to give any explanation as to why the motion to amend was made after he called the case ready. While no formal statement of readiness was filed (22 NYCRR 1024.4), we find no abuse of Special Term's discretion in denying plaintiff's motion to amend his bill of particulars under the circumstances present here. We have held that it is an improvident exercise of discretion to deny leave to amend an *ad damnum* clause in the absence of an inordinate delay and a showing of prejudice to the defendant *(Kerlin v Green,* 36 AD2d 892; *Smith v University of Rochester Med. Center,* 32 AD2d 736). However, where amendment is sought on the eve of trial a plaintiff must make a further showing that the amendment is justified by submitting an affidavit pointing to the recent discovery of additional facts (usually medical) or otherwise supplying an adequate explanation for the delay *(Ryan v Schmidt,* 42 AD2d 826; *McCall v Village of Penn Yan,* 39 AD2d 632; *Doyle v Killeen,* 28 AD2d 969). No such recent facts are revealed in this record. Plaintiff was aware of aggravation to his physical condition following a medical examination in 1971, yet nearly four years elapsed between the discovery of this condition and the motion to amend the *ad damnum* clause. Finally, plaintiff should be permitted to amend his complaint to assert a cause of action on a theory of strict products liability. Defendant had notice of the underlying transaction from plaintiff's original complaint which asserted a negligence claim and such allegations are consistent with a claim of strict products liability *(Velez v Craine & Clark Lbr. Co.,* 33 NY2d 117; *Codling v Paglia,* 32 NY2d 330; *Rainbow v Elia Bldg. Co.,* 49 AD2d 250). The amendment merely sets forth an additional theory of law based upon the facts which had formerly been alleged. Strict products liability was not recognized in New York at the time that the original complaints were filed in 1968 and 1970. In view of the "tortuous and spasmodic" development of the doctrine of strict products liability in New York (see *Victorson v Bock Laundry Mach. Co.,* 37 NY2d 395, 401), it cannot be said that plaintiff has unreasonably delayed in asserting this claim. In any event, plaintiff would not be prevented from

submitting the strict liability claim to the jury, even if leave to amend were denied (see *Jerry v Borden Co.,* 45 AD2d 344). Special Term, therefore, improvidently denied plaintiff's motion insofar as it asked for leave to amend the complaint, and such leave is granted provided an amended complaint is served within 20 days of the entry of the order herein. (Appeal from order of Cattaraugus Supreme Court—amend complaint, etc.) Present —Marsh, P. J., Moule, Cardamone, Simons and Goldman, JJ.