■ KEITH ST. GEORGE, Respondent, v RICHARD L. DENNIS et al., Appellants.—Order unanimously reversed, without costs, and motion denied. Memorandum: Defendant appeals from an order which permitted plaintiff to serve a supplemental bill of particulars and to increase the *ad damnum* clause in his complaint from $50,000 to $1,000,000. This is the second time this action has been before us. The accident occurred in 1973 and plaintiff commenced his action on October 9, 1975. In his original bill of particulars plaintiff claimed that in addition to certain physical injuries he was severely depressed, suffered from anorexia, insomnia, feeling of hopelessness and has a neurotic depression and personality disorder. After examinations before trial of all of the parties the plaintiff on May 3, 1976 served a note of issue and statement of readiness. The case appeared on the June 1976 Trial Term Calendar of Ontario County and was answered ready by both parties. On June 8, 1976 defendants' attorney consented to a request by plaintiff to the taking of a deposition of a psychiatrist at Lowell, Massachusetts. After that examination plaintiff moved to examine a second psychiatrist in Massachusetts and that application was denied by us in the prior appeal to this court (57 AD2d 733). The instant motion was made solely upon the affidavit of plaintiff's attorney and asserted only that plaintiff's mental condition "has deteriorated". Annexed to the affidavit are copies of two brief unsworn letters by a physician to plaintiff's attorney on September 20, 1976 and October 2, 1976. The substance of these communications is that the plaintiff is suffering severe depression and that "He may be indefinitely incapacitated". Plaintiff's proposed supplemental bill of particulars was completely silent about plaintiff's physical and mental condition and contained only a statement of additional medical expense and loss of wages. While permission to amend a bill of particulars should be freely given as a matter of discretion (CPLR 3025, subd [b]), the application "must be supported by an affidavit of a person with knowledge of the facts, and the omission of such an affidavit requires a denial if opposed by the other side, even without the submission of opposing affidavits" (6 Carmody-Wait 2d, NY Prac, § 36-67; *Montondo v Petty,* 21 AD2d 975). No new matter is asserted in the attorney's affidavit or in the proposed supplemental bill. Plaintiff's mental condition was fully alleged in the original bill and nothing new is added by plaintiff upon the instant application (see *Ryan v Schmidt,* 42 AD2d 826; *McCall v Village of Penn Yan,* 39 AD2d 632). In the circumstances the granting of the motion was an improper exercise of discretion. (Appeal from order of Cayuga Supreme Court—automobile negligence.) Present—Moule, J. P., Cardamone, Simons and Goldman, JJ.