■ ROBERT H. HEMMERICK, Respondent, v CITY OF ROCHESTER, Appellant. (Action No. 1.) (And Two Other Actions.)—Order unanimously modified in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: Defendants appeal from an order, granted on the eve of trial, permitting plaintiff Rose Barrows to amend her complaint to increase the *ad damnum* clause from $100,000 to $500,000 and permitting plaintiff John Barrows to increase his *ad damnum* clause from $25,000 to $100,000. The note of issue was filed in the Barrows action on September 5, 1974 and a statement of readiness on May 1, 1975. The case had been at the head of the Trial Calendar for some months and on September 15, 1976 was jury-ordered. That same day plaintiffs' counsel served defendants with an order to show cause returnable on September 16, the day on which jury selection was to begin. The papers submitted in support of plaintiffs' motion, a letter of plaintiff Rose Barrows' doctor, and an affidavit by plaintiff Rose Barrows, were dated September 16 and 17 respectively. During the course of *voir dire,* defense counsel objected to a line of questioning by plaintiff Barrows' counsel and a mistrial was declared on September 17. The case was continued until Monday, at which time Trial Term first denied the motion to amend with leave to renew within 30 days, but on the next day rescinded that order and granted the motion. Although generally leave should be freely granted to amend pleadings when there is no prejudice to the opposing party (CPLR 3025, subd [b]), that policy does not obtain on the eve of trial. In such case, there is a heavy burden on plaintiff to show extraordinary circumstances to justify amendment by submitting affidavits which set forth the recent change of circumstances justifying the amendment and otherwise giving an adequate explanation for the delay. *(St. George v Dennis,* 58 AD2d 740; *Gardner v Fyr-Fyter Co.,* 55 AD2d 816.) No such showing has been made here. In the letter dated September 16 Rose Barrows' doctor states that he saw the plaintiff on September 15 at which time she continued to complain of a disabling back pain. On the basis of the continuing pain and the fact that three years had intervened since the date of the accident, he concluded that Mrs. Barrows' pain is permanent. Mrs. Barrows' affidavit reflects the same conclusion. Based on those opinions, plaintiffs seek to amend their *ad damnum* to represent a claim of permanent disability and consequent permanent unemployability with respect to Rose Barrows. Such a showing is totally inadequate and does not justify substantially increasing the *ad damnum* after the case has been certified as ready for many months and the parties have been jury-ordered. *(St. George*

*v Dennis, supra; Gardner v Fyr-Fyter Co., supra; Andzel v Schubbe,* 54 AD2d 607.) Additionally, plaintiffs move to amend their complaint to reflect an additional allegation of negligence. Since the defendants were aware at the time of the original pleadings of the facts underlying the proposed amendment and inasmuch as defendants are not deprived of any defense which they might have taken earlier, there is no prejudice in allowing the amendment at this point. *(Gardner v Fyr-Fyter Co., supra; Barry v Niagara Frontier Tr. System,* 38 AD2d 878.) (Appeals from order of Monroe Supreme Court—increase *ad damnum* clause, etc.) Present—Cardamone, J. P., Simons, Dillon, Hancock, Jr., and Denman, JJ.