■ PHILIP LENTINE, Respondent, v BETH-EL HOSPITAL, Now Known as BROOKDALE HOSPITAL MEDICAL CENTER, Appellant, et al., Defendants.—In a medical malpractice action, the defendant hospital appeals from an order of the Supreme Court, Kings County, dated March 12, 1979, which denied its motion for an order directing the video tape deposition of its expert witness in California. Order affirmed, with $50 costs and disbursements. The hospital in this action first sought leave to conduct the video tape deposition of its medical expert in California more than six months after the note of issue and statement of readiness had been filed and at a time when the case had already been placed on the Ready Day Calendar for Trial Term, Part 10.

The ostensible reason for so moving was that the doctor (perhaps the foremost authority in his field) will not be available to come to New York for the trial and that his video tape deposition would be admissible into evidence pursuant to CPLR 3117. Under the circumstances of the instant case, we believe that Special Term acted properly in denying the application. The issue raised on this appeal is not the propriety of appellant's seeking to depose its expert by means of a video taped recording (see 22 NYCRR 685.1), but rather whether the application for leave to do so was sufficient under the rules of the Chief Administrator and of this court (22 NYCRR 3.4, 675.7). Appellant knew in 1975 when it retained the doctor that he was a resident of California, and therefore it had ample opportunity to anticipate the problem of securing his presence in New York and to make application for the relief requested. Instead, rather than acting diligently, the appellant delayed until after the statement of readiness had been filed, the medical malpractice panel hearing concluded and the matter placed upon the Ready Day Calendar before making the instant motion, and then, in support thereof, submitted neither an affidavit by the doctor indicating that he will not or cannot attend at the trial, nor satisfactory proof to establish that this particular doctor is the only expert who can testify adequately on the appellant's behalf. On these facts, we believe that appellant has failed to demonstrate such "unusual and unanticipated conditions" as would justify the relaxation of the rules prohibiting the conduct of disclosure proceedings after a statement of readiness has been filed, or that a denial of its application will result in any undue prejudice to it (see *Alter v O'Hare*, 54 AD2d 888; 22 NYCRR 3.4, 675.7). Accordingly, we affirm. Hopkins, J. P., Titone, Mangano and Gulotta, JJ., concur.