■ JAMES B. SULLIVAN, Appellant, v RICHARD C. BOND et al., as Trustees of the Penn Central Transportation Company, Respondents.—Order unanimously reversed, without costs, and motion granted. Memorandum: After a jury trial at which plaintiff was awarded $7,500 for personal injuries, the court declared a mistrial and set the verdict aside. Plaintiff then retained new counsel who had plaintiff examined by an orthopedic surgeon different from the doctor who had originally treated him and testified at the first trial. It should be noted that the doctor who treated plaintiff and testified for him at the first trial was also retained by defendants and had provided medical reports to defendants. Shortly thereafter, plaintiff moved for leave to amend his complaint and bill of particulars to conform to the medical findings of the more recent physician which indicated injuries more serious than those originally thought to have been

sustained by plaintiff and plaintiff also moved to increase the *ad damnum* clause in his complaint from $35,000 to $150,000. Special Term denied the motion. Leave to amend pleadings is a matter for the court's discretion and generally shall be freely given *(Murray v City of New York,* 43 NY2d 400; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3025:4, p 476). This is especially so where there is no showing of undue prejudice or unfair advantage. Defendants can hardly show prejudice or disadvantage in this case having had the benefit of plaintiff's treating physician in their employ throughout the prior history of this case. While judicial discretion will be sparingly exercised when leave to amend is sought on the eve of trial, or there is an inadequate explanation for the delay in seeking the amendment *(City of Watertown v Roy,* 73 AD2d 832; *Hemmerick v City of Rochester,* 63 AD2d 816), here trial of the case is not imminent and plaintiff has met the burden of explaining the need for amending his pleadings in the unusual circumstances of this case. Accordingly, the motion to amend is granted with leave to defendants to have a further physical examination of plaintiff if they so choose. (Appeal from order of Monroe Supreme Court—amend complaint.) Present—Dillon, P. J., Cardamone, Simons, Doerr and Moule, JJ.