■ GARY R. SAMPSON, Appellant, v BARBER SALVAGE Co., INC., Respondent. — Order affirmed, without costs. Memorandum: Plaintiff appeals from an order which denied his motion for leave to serve a supplemental bill of particulars. He was injured on July 20, 1976 when struck at a construction site by beams being transported by defendant, under a construction contract with plaintiff's employer. Suit was commenced on May 27, 1977. A bill of particulars was served October 14, 1977, and note of issue and certificate of readiness were filed on March 8, 1978. On August 21, 1979 plaintiff moved for an order allowing service of a supplemental bill of particulars. Leave to serve an amended bill of particulars should not be granted where a certificate of readiness has been filed, except upon a showing of special and extraordinary circumstances; we have previously denied such applications upon the failure to make such a showing *(Gardner v Fyr-Fyter Co.,* 55 AD2d 816; *McLeod v Duffy,* 53 AD2d 1011). Here, the hearsay affidavit of plaintiff's attorney, which states that he recently learned from employees or former employees of defendant that it had "supervisory responsibilities with regard to the plaintiff herein, and also that such defendant had built, and was under a duty to maintain [the] roadway where the accident occurred", fails to provide the necessary circumstances *(Shea v Pellicano,* 29 AD2d 840, app dsmd 22 NY2d 753). All concur, except Schnepp and Callahan, JJ., who dissent and vote to reverse and grant the motion, in the following memorandum.

Schnepp and Callahan, JJ. (dissenting). We respectfully dissent. In our view, Special Term improvidently exercised its discretion in denying plaintiff's application for leave to serve an amended bill of particulars. Leave to serve an

amended bill of particulars should be freely granted (CPLR 3025, subd [b]). While CPLR 3025 (subd [b]) does not expressly apply to a bill of particulars, the standard used to decide a motion for leave to amend a bill of particulars appears to be akin to that under CPLR 3025 (subd [b]) for amended pleadings. Therefore, in the absence of a showing that prejudice will result, leave to serve an amended bill of particulars should be freely granted *(Fahey v County of Ontario,* 44 NY2d 934, revg 55 AD2d 1034). The majority rely on *Gardner v Fyr-Fyter Co.* (55 AD2d 816), which is distinguishable. In that case, we simply denied an application to amend an *ad damnum* clause on the eve of trial without a further showing that the amendment was justified by submitting an affidavit pointing to the recent discovery of additional facts or otherwise supplying an adequate explanation for the delay. We did, however, grant the application to amend the complaint even though the amendment set forth an additional theory of law based upon the facts which had formerly been alleged, holding that *(supra,* p 817) "Special Term, therefore, improvidently denied plaintiff's motion insofar as it asked for leave to amend the complaint, and such leave is granted". CPLR 3025 (subd [b]), entitled, "Amendments and supplemental pleadings by leave" provides that "A party may amend his pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of parties. Leave shall be freely given upon such terms as may be just including the granting of costs and continuances." The only requirement is that the proposed amendment be sought in good faith and that no prejudice or injustice will result to the adverse party by reason thereof. The statute specifically sets forth that a pleading may be amended or supplemented *at any time.* It contains a legislative mandate that leave shall be freely given. This mandate grants to the court the widest possible latitude. The record herein reveals timely action by plaintiff's attorney upon learning from a witness, unavailable for interview prior to that time because he was employed by the defendant, that the defendant had a degree of duty with regard to the supervision of plaintiff's activities at the time of the accident, and further that the defendant had built or maintained the road over which the defendant was transporting the beams at the time the plaintiff was injured. Plaintiff promptly brought this motion to serve a supplemental bill of particulars alleging acts of negligence with regard to lack of supervision and with regard to the building and/or maintenance of the road in question. While CPLR 3025 (subd [b]) does not prescribe a time limit within which a party must apply for leave to amend, plaintiff's attorney timely moved. There is no showing of any inordinate delay herein. Defendant on oral argument concedes knowledge of the allegation and its obligation, hence it was not prejudiced. Accordingly, such motion practice is not only proper but permissible when a party is ignorant of the information that necessitated a pleading amendment until it was disclosed during the discovery process or even by testimony at trial *(Palmer v New York City Tr. Auth.,* 33 AD2d 119; see, also, *Katz-Waisman Weber Straus v Kingsbrook Jewish Med. Center,* 36 AD2d 807). (Appeal from order of Erie Supreme Court — supplemental bill of particulars.) Present — Cardamone, J. P., Hancock, Jr., Schnepp, Callahan and Moule, JJ.