■ Barbara J. Sparke et al., Appellants, v Thomas McGuire, Respondent. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal (1) from an order of the Supreme Court, Suffolk County, dated August 26, 1980, which denied their motion for leave to serve and file a supplemental bill of particulars, and (2), as limited by their brief, from so much of a further order of the same court, dated November 24, 1980, as, upon reargument, adhered to the original determination. Appeal from the order dated August 26, 1980, dismissed, without costs or disbursements. That order was superseded by the order granting reargument. Order dated November 24, 1980, reversed insofar as appealed from, without costs or disbursements, order dated August 26, 1980 vacated and motion for leave to serve and file a supplemental bill of particulars granted, with leave to the defendant, if he be so advised, to conduct a further examination before trial of the plaintiffs as to the additional matter alleged. Plaintiffs shall serve and file the supplemental bill of particulars within 20 days after service

upon them of a copy of the order to be made hereon, with notice of entry. Subsequent to plaintiffs' filing of a note of issue and statement of readiness, a supplemental verified bill of particulars was served. The supplemental bill alleged, in addition to the acts of negligence theretofore claimed, that the defendant had been operating his motor vehicle on the wrong side of the roadway at the time of the accident "in violation of the applicable Vehicle and Traffic Laws and Regulations and in violation of the plaintiff's lawful right of way." Defendant rejected the supplemental bill on the ground that it "was not served by direction of the Court", and plaintiffs' subsequent motion for leave to serve and file a supplemental bill of particulars was denied. While section 675.7 of the rules of this court limits pretrial proceedings after an action has been placed on the trial calendar (22 NYCRR 675.7), the statement of readiness rule is not immutable. The proposed supplemental bill of particulars, served promptly after the substitution of present counsel, within six weeks after the filing of the note of issue and statement of readiness, and at a time when the trial was not imminent, does not seek to change the theory of the plaintiffs' case, as the original bill made it clear that the theory of liability was that the defendant had negligently operated his motor vehicle and failed to keep it under proper control. However, the original bill did not allege that the defendant was driving on the wrong side of the road at the time of the accident, a fact to which the plaintiff Barbara Sparke testified at her examination before trial. The granting of leave in this case would serve to prevent any technical claim of surprise at trial and avert the necessity of moving to conform the pleadings to the proof (CPLR 3025, subd [c]), all without apparent prejudice to the defendant (cf. *Lentine v Beth-El Hosp.,* 71 AD2d 997). Moreover, the delay in applying for permission to serve the supplemental bill was not so inordinate as to mandate refusal (cf. *McLeod v Duffy,* 53 AD2d 1011; *Shea v Pellicano,* 29 AD2d 840). Under these circumstances, plaintiffs should have been permitted to serve and file their supplemental bill. Lazer, J.P., Gibbons, Gulotta and Cohalan, JJ., concur.