■ ROBERT REYNOLDS et al., Appellants, v A. C. TOWNE CORPORATION, Respondent and Third-Party Plaintiff-Respondent, et al., Defendants. TOWNE INDUSTRIAL CORPORATION, Third-Party Defendant-Respondent, et al., Third-Party Defendants. (Appeal No. 1.)—Judgment unanimously affirmed without costs. Memorandum: Plaintiffs instituted this action for personal injuries sustained by Robert Reynolds as the result of a fall at his place of employment. While climbing a ladder to reach a platform atop a furnace, Reynolds grabbed a "rebar" which had been temporarily welded to a railing around the platform. The rebar broke free, causing Reynolds to lose his balance and fall to the floor. The railing had been designed by defendant Pullman, manufactured by a nonparty, and affixed to the platform by A. C. Towne Corp. or its related entity, third-party defendant Towne Industrial Corp. The platform and railing assembly had been installed on the furnace by Reynolds' employer, third-party defendant Crucible. There was no proof as to who placed the rebar on the railing.

Plaintiffs challenge the court's entry of judgments dismissing the complaint against A. C. Towne Corp. and Pullman at the close of proof. In addition, plaintiffs appeal from an intermediate order denying their motion to amend their bill of particulars on the eve of trial. Plaintiffs contend that the court erred in precluding them from amending their bill of particulars against Pullman; in precluding certain expert testimony as not within the scope of plaintiff's original bill of particulars; in striking or precluding certain expert testimony as speculative; and in directing verdicts for defendants.

The court properly denied plaintiffs' motion to amend their bill of particulars. Plaintiffs' original bill focused on the claim that the injury resulted from the negligent placement of the rebar on the railing. Plaintiffs' proposed amended bill sought to inject a new theory based on Pullman's alleged negligent placement of the entrance to the railing on the opposite side of the platform from the point at which Reynolds attempted to gain access. Pullman clearly would have been prejudiced by the assertion of that new theory six years after the accident, over three years after commencement of the action, and almost one year following plaintiffs' filing of the note of issue and certificate of readiness (*Raies v Apple Annie's Rest.*, 115 AD2d 599, 600; *McLeod v Duffy*, 53 AD2d 1011, 1012). In addition, plaintiffs failed to show extraordinary circumstances justifying their failure to seek amendment until the eve of trial (*McLeod v Duffy, supra*).

Because the amendment was properly denied, it also was

proper for the court to preclude the testimony of plaintiffs' architect concerning such allegedly negligent design.

The testimony of plaintiffs' experts was properly stricken as speculative. Those experts sought to testify, based on their knowledge of custom and usage in the industry generally, as to who might have placed the rebar on the railing and what its purpose might have been. Plaintiffs' purpose in eliciting that testimony was to connect one or both of the defendants with the rebar. Such testimony was clearly speculative and concededly not based on personal knowledge or on the evidence in the case (see, Hambsch v New York City Tr. Auth., 63 NY2d 723, 725-726; Feldsberg v Nitschke, 49 NY2d 636, 646, rearg denied 50 NY2d 1059). Thus, the testimony lacked probative value on the issue for which it was sought to be admitted.

Finally, the court properly directed verdicts for defendants at the close of the proof. Plaintiffs failed to adduce any evidence connecting either defendant with the placement of the rebar on the railing. Thus, there was no reasonable view of the evidence to support a verdict for plaintiffs against either defendant. (Appeal from judgment of Supreme Court, Onondaga County, Stone, J.—dismiss complaint.) Present—Callahan, J. P., Doerr, Denman, Pine and Davis, JJ.