■ DOROTHY D. WHITE, Individually and as Administratrix of the Estate of SCOTT A. WHITE, Deceased, and as Mother and Natural Guardian of NEIL WHITE, an Infant, and as Executrix of EDWARD P. WHITE, Deceased, Appellant, v MID-TOWN OIL COMPANY, INC., Respondent.—In an action, *inter alia,* to recover damages for personal injuries and the wrongful death of Scott A. White, the plaintiff appeals from an order of the Supreme Court, Nassau County (Robbins, J.), dated May 23, 1988, which denied her motion for leave to amend the complaint pursuant to CPLR 3025 (b) to add a cause of action for the wrongful death of Edward P. White and to deem service of the amended complaint to have been made on the 29th day of April 1988, when the amended complaint was personally served upon the attorneys for the defendant.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion is granted, and the defendant's time to answer the amended complaint is extended until 20 days after service upon it of a copy of this decision and order, with notice of entry.

Contrary to the view expressed by the Supreme Court, the affidavit of Edward P. White's treating psychiatrist provided an adequate basis linking the 1983 accident and injury with Edward P. White's death on April 30, 1986 *(see, Douglas v New York City Tr. Auth.,* 91 AD2d 1057, 1058; *Palmer v New York City Tr. Auth.,* 33 AD2d 119; *Vastola v Maer,* 48 AD2d 561, 567, *affd* 39 NY2d 1019). Accordingly, the Supreme Court erred in denying the plaintiff's motion.

We have examined the defendant's remaining contention and find it to be without merit *(see, Brewster v City of New York,* 78 AD2d 667). Mangano, J. P., Eiber, Sullivan and Balletta, JJ., concur.