■ JONATHON PHIPPS, Appellant, v ANDREW P. MICHALAK, et al., Appellants, and COUNTY OF ALLEGANY, Respondent. [870 NYS2d 200]—

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when the driver of the vehicle in which he was a passenger lost control of the vehicle and drove onto the shoulder of a roadway in defendant County of Allegany (County). The vehicle then rolled over on the passenger side and struck a driveway culvert. We agree with plaintiff that Supreme Court erred in granting the motion of the County for summary judgment dismissing the complaint and cross claim against it and in denying the cross motion of plaintiff for leave to amend his bill of particulars. With respect to the County's motion, there is an issue of fact on the record before us with respect to the County's alleged negligence in failing to maintain the roadway, including the shoulder of the roadway, in a reasonably safe condition (*see Stiuso v City of New York*, 87 NY2d 889, 890-891 [1995]; *Carollo v Town of Colden*, 27 AD3d 1077, 1078 [2006]). Even assuming, arguendo, that the vehicle initially left the roadway based on the driver's negligence, we conclude that a jury could nevertheless infer that the County's negligence caused the vehicle to roll over and to strike a driveway culvert. There is thus an issue of fact on the record before us with respect to the County's liability, inasmuch as a jury could infer that the County's negligence was "a substantial factor in producing" plaintiff's injuries (*Pontello v County of Onondaga*, 94 AD2d 427, 431 [1983], *appeal dismissed* 60 NY2d 560 [1983], *lv dismissed* 60 NY2d 1015 [1983]).

With respect to plaintiff's cross motion, we conclude that the court should have permitted plaintiff to amend his bill of particulars to include, inter alia, specified theories of liability in

accordance with the affidavit of plaintiff's expert engineer. " 'Mere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side' " (*Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]), and here there is no such prejudice to the County. Present—Martoche, J.P., Smith, Centra, Peradotto and Pine, JJ.