■ Brian E. Sierson et al., Respondents, v John J. Gacek et al., Appellants. [889 NYS2d 342]—

Appeal from an amended order of the Supreme Court, Oneida

County (John W. Grow, J.), entered January 2, 2009 in a personal injury action. The amended order, insofar as appealed from, denied in part the motion of defendants for summary judgment.

It is hereby ordered that the amended order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety and the complaint is dismissed.

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Brian E. Sierson (plaintiff) when the vehicle he was operating was rear-ended by a vehicle operated by defendant John J. Gacek and owned by defendants. Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Supreme Court granted the motion only insofar as plaintiffs alleged that plaintiff sustained a serious injury with respect to the 90/180-day category. We conclude that the court should have granted the motion in its entirety, thus determining that plaintiff did not sustain a serious injury with respect to the permanent loss of use, permanent consequential limitation of use or significant limitation of use categories, which were the remaining categories of serious injury set forth in the bill of particulars. Defendants met their burden on the motion "by establishing through competent medical evidence that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d)" under those three remaining categories (*Cullen v Treen*, 30 AD3d 1086, 1087 [2006]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), and plaintiffs failed to raise an issue of fact by submitting the affidavits of plaintiff and plaintiff's neurologist. The affidavits were "based solely on plaintiff's subjective complaints of pain" and numbness (*Cullen*, 30 AD3d at 1087; *see Meyer v Carney*, 187 AD2d 931 [1992]; *see also Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]). Furthermore, plaintiff's neurologist "did not set forth the tests he conducted or their results to support his conclusions" that plaintiff sustained an injury to the pudendal nerve and that plaintiff would have difficulty conceiving children (*Burke v Carney*, 37 AD3d 1107, 1108 [2007]). Present—Martoche, J.P., Smith, Fahey, Carni and Pine, JJ.