■ DIANE S. HARTMAN-JWEID, Appellant, v MATTHEW K. OVERBAUGH, Respondent. [894 NYS2d 784]—

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered December 3, 2008 in a personal injury action. The order granted the motion of defendant for summary judgment and dismissed the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when her vehicle collided with a

vehicle driven by defendant. We conclude that Supreme Court properly granted defendant's motion seeking summary judgment dismissing the complaint, which sought damages for both serious injury (*see* Insurance Law § 5102 [d]), and loss of earnings relating to injuries that did not constitute serious injuries. Defendant met his burden of establishing that plaintiff did not sustain a serious injury under the three categories alleged by plaintiff in the complaint, as amplified by the bill of particulars, i.e., permanent consequential limitation of use, significant limitation of use and 90/180-day categories, and plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

In support of his motion, defendant submitted the affirmation and report of an orthopedic surgeon who examined plaintiff at his request. Defendant's expert concluded, based on his examination of plaintiff and his review of her medical records, that the only objective medical findings with respect to any alleged injury related to a preexisting degenerative condition of the spine. "[W]ith persuasive evidence that plaintiff's alleged pain and injuries were related to a preexisting condition, plaintiff had the burden to come forward with evidence addressing defendant's claimed lack of causation" and, here, plaintiff failed to meet that burden (*Carrasco v Mendez*, 4 NY3d 566, 580 [2005]; *see Lux v Jakson*, 52 AD3d 1253 [2008]). Although plaintiff submitted the affidavits of a chiropractor and her treating physician in opposition to the motion, neither affidavit addressed the conclusion of defendant's expert that the changes in plaintiff's spine were degenerative in nature (*see Marsh v City of New York*, 61 AD3d 552 [2009]; *Valentin v Pomilla*, 59 AD3d 184, 186 [2009]; *Lux*, 52 AD3d 1253 [2008]).

Defendant further established that the additional nonpermanent injuries alleged in the complaint, as amplified by the bill of particulars, were not causally related to the accident and thus were insufficient to establish that plaintiff sustained a serious injury in the accident under the 90/180-day category. Indeed, the affirmed report of defendant's expert indicates that those injuries lacked a physiological base and that any limitation in plaintiff's activities was self-imposed (*see Marsh*, 61 AD3d 552 [2009]). The expert affidavits submitted by plaintiff in opposition to the motion address only her alleged spinal injuries, which as noted were related to a preexisting degenerative condition, and thus plaintiff failed to raise a triable issue of fact with respect to the 90/180-day category.

Finally, we reject the contention of plaintiff that the court erred in granting that part of defendant's motion concerning

her claim for loss of earnings that continue beyond the three-year statutory period (*see generally* Insurance Law § 5102 [a] [2]). Although a plaintiff need not sustain a serious injury to support such a claim (*see Colvin v Slawoniewski,* 15 AD3d 900 [2005]; *Tortorello v Landi,* 136 AD2d 545 [1988]), defendant met his initial burden by establishing that plaintiff did not sustain any injury that was causally related to the accident and that any limitation on plaintiff's activities was self-imposed, and plaintiff failed to raise a triable issue of fact with respect to that claim. Present—Smith, J.P., Peradotto, Lindley, Green and Gorski, JJ.