# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**981**

**CA 11-00425**

PRESENT: SMITH, J.P., CENTRA, CARNI, GREEN, AND MARTOCHE, JJ.

---

STEPHANIE D'ANGELO, PLAINTIFF-RESPONDENT,

               V                        MEMORANDUM AND ORDER

ANDREA S. LITTERER, DEFENDANT-APPELLANT.

---

HAGELIN KENT LLC, BUFFALO (VICTOR M. WRIGHT OF COUNSEL), FOR DEFENDANT-APPELLANT.

BROWN CHIARI LLP, LANCASTER (BRADLEY D. MARBLE OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

    Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered September 17, 2010 in a personal injury action. The order, insofar as appealed from, denied in part the motion of defendant for summary judgment.

    It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety and the complaint is dismissed.

    Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when the vehicle she was driving collided with a vehicle driven by defendant. Supreme Court erred in denying in part defendant's motion seeking summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Defendant met her initial burden by submitting medical records and the report of the physician who conducted a medical examination on defendant's behalf establishing that the injuries allegedly sustained by plaintiff in the accident were preexisting. "Because defendant submitted 'persuasive evidence that plaintiff's alleged pain and injuries were related to . . . preexisting condition[s], plaintiff had the burden to come forward with evidence addressing defendant's claimed lack of causation' " (*Clark v Perry*, 21 AD3d 1373, 1374, quoting *Pommells v Perez*, 4 NY3d 566, 580). Plaintiff, however, failed to meet that burden. Indeed, her "submissions in opposition to the motion did not 'adequately address how plaintiff's current medical problems, in light of [plaintiff's] past medical history, are causally related to the subject accident' " (*Anania v Verdgeline*, 45 AD3d 1473, 1474; *see Hartman-Jweid v Overbaugh*, 70 AD3d 1399, 1400).

Entered: September 30, 2011                   Patricia L. Morgan
                                           Clerk of the Court