# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**134**
**CA 11-01760**
PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND GORSKI, JJ.

---

BARBARA BRIODY, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CHRISTEN L. MELECIO, DEFENDANT-APPELLANT.

---

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, ROCHESTER (ALISON
M.K. LEE OF COUNSEL), FOR DEFENDANT-APPELLANT.

CELLINO & BARNES, P.C., ROCHESTER (TIMOTHY R. HEDGES OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

-----------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (Matthew
A. Rosenbaum, J.), entered April 5, 2011 in a personal injury action.
The order, insofar as appealed from, denied in part the motion of
defendant for summary judgment.

It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed on the law without costs, the motion is granted
in its entirety and the complaint is dismissed.

Memorandum:  Plaintiff commenced this action seeking damages for
injuries she sustained when the vehicle she was driving was rear-ended
by a vehicle driven by defendant.  We conclude that Supreme Court
erred in denying in part defendant's motion seeking summary judgment
dismissing the complaint on the ground that plaintiff did not sustain
a serious injury within the meaning of Insurance Law § 5102 (d).
Defendant met her initial burden of establishing that plaintiff did
not sustain a serious injury under the permanent consequential
limitation of use and significant limitation of use categories, and
plaintiff failed to raise a triable issue of fact in opposition (*see
generally Zuckerman v City of New York*, 49 NY2d 557, 562).  We
therefore reverse the order insofar as appealed from, grant
defendant's motion in its entirety and dismiss the complaint.

Contrary to plaintiff's contention, defendant may establish her
entitlement to judgment as a matter of law by submitting the medical
records provided by counsel for plaintiff (*see Wiegand v Schunck*, 294
AD2d 839).  In support of her motion, defendant also submitted the
affidavit of an orthopedic surgeon who reviewed plaintiff's medical
records at the request of defendant.  That expert concluded that the
only objective medical findings with respect to any alleged injury
related to a preexisting degenerative condition of the spine.  "[W]ith
persuasive evidence that plaintiff's alleged pain and injuries were

related to a preexisting condition, plaintiff had the burden to come forward with evidence addressing defendant's claimed lack of causation" and, here, plaintiff failed to meet that burden (*Carrasco v Mendez*, 4 NY3d 566, 580; *see Hartman-Jweid v Overbaugh*, 70 AD3d 1399, 1400). Although plaintiff submitted the affirmation of her treating neurosurgeon in opposition to the motion, his affirmation did not address the conclusion of defendant's expert that the changes in the spine of plaintiff were degenerative in nature (*see Marsh v City of New York*, 61 AD3d 552; *Valentin v Pomilla*, 59 AD3d 184, 186). Plaintiff's expert asserted that a central disc protrusion in the cervical spine at C5-6 and C6-C7 was a "new" injury resulting from the motor vehicle accident in question. Defendant's expert, however, established that such injury was revealed on a CT scan taken of plaintiff's cervical spine several years prior to the accident, after plaintiff had fallen down a flight of stairs and fractured a cervical vertebrae at C6. The affirmation of plaintiff's expert did not discuss that CT scan but, rather, it compared plaintiff's condition following the subject accident to an MRI report dated the year prior to the CT scan. In addition, the reports of an orthopedic surgeon submitted by plaintiff failed to address defendant's evidence of a preexisting degenerative condition and the results of the CT scan. We therefore conclude that plaintiff's "submissions in opposition to the motion did not 'adequately address how [her] current medical problems, in light of [her] past medical history, are causally related to the subject accident' " (*Anania v Verdgeline*, 45 AD3d 1473, 1474; *see D'Angelo v Litterer*, 87 AD3d 1357).

In light of our determination, we need not address defendant's remaining contentions.

Entered: January 31, 2012

Frances E. Cafarell
Clerk of the Court