■ JUDITH T. ARMSTRONG, Appellant, v JOAN MERRICK, Respondent. [951 NYS2d 450]—

Memorandum: Supreme Court erred in granting defendant's motion for leave to amend the answer to assert the defense of primary assumption of risk. Although leave to amend should be freely granted, it is properly denied where the proposed amendment is patently lacking in merit (*see Carro v Lyons Falls Pulp & Paper, Inc.*, 56 AD3d 1276, 1277 [2008]; *Manufacturers & Traders Trust Co. v Reliance Ins. Co.*, 8 AD3d 1000, 1001 [2004]; *Christiano v Chiarenza*, 1 AD3d 1039, 1040 [2003]). Here, the complaint and plaintiff's factual submissions in opposition to the motion allege that plaintiff was injured when she was knocked over by defendant's dog while plaintiff was walking her own dog in a public space. "This is, in short, not a case in which the defendant solely by reason of having sponsored or otherwise supported some risk-laden but socially valuable voluntary activity has been called to account in damages," and thus the doctrine of primary assumption of risk is inapplicable to the facts and circumstances of this case (*Trupia v Lake George Cent. School Dist.*, 14 NY3d 392, 396 [2010]). Defendant's proposed amendment therefore was patently without merit. Present—Fahey, J.P., Peradotto, Carni and Sconiers, JJ.

■ ROSE MENDOLA, Appellant, v ROBIN DOUBRAVA et al., Respondents. [951 NYS2d 451]—

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when the vehicle in which she was a passenger was struck by a vehicle owned by defendant Kathleen M. Siglin and operated by defendant Robin Doubrava. We conclude that Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Defendants met their initial burden of establishing that plaintiff did not sustain a serious injury under any of the categories alleged, i.e., the permanent consequential limitation of use, significant limitation of use and 90/180-day categories, and plaintiff failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

In support of their motion, defendants submitted the affirmed report of a neurologist who examined plaintiff and her medical records at the request of defendants. Defendants' expert concluded that the only objective medical findings with respect to any alleged injury related to a preexisting degenerative condition of the spine. "[W]ith persuasive evidence that plaintiff's alleged pain and injuries were related to a preexisting condition, plaintiff had the burden to come forward with evidence addressing defendant[s'] claimed lack of causation" and, here, plaintiff failed to meet that burden (*Carrasco v Mendez*, 4 NY3d 566, 580 [2005]; *see Briody v Melecio*, 91 AD3d 1328, 1329 [2012]). Although plaintiff submitted the reports of three examining physicians, none of those physicians concluded that plaintiff's herniated discs or disc protrusions at C5-6 and/or C6-7 were caused by the accident. Indeed, the report of an examining neurologist submitted by plaintiff concluded that she had "pre-existing degenerative disc disease of the cervical spine (as evidenced on cervical spine MRI of 10/28/08 performed only three weeks after the motor vehicle accident)." Contrary to plaintiff's contention, there is nothing speculative or otherwise inappropriate relating to the interpretation and use of the MRI reports by defendants' expert in formulating his opinions (*see Carrasco*, 4 NY3d at 578-579). Present—Fahey, J.P., Peradotto, Carni and Sconiers, JJ.