# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**994**

**CA 12-00621**

PRESENT: FAHEY, J.P., PERADOTTO, CARNI, AND SCONIERS, JJ.

---

ROSE MENDOLA, PLAINTIFF-APPELLANT,

V                                                  MEMORANDUM AND ORDER

ROBIN DOUBRAVA AND KATHLEEN M. SIGLIN,
DEFENDANTS-RESPONDENTS.

---

FRIEDMAN & RANZENHOFER, P.C., AKRON (MICHAEL H. RANZENHOFER OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

HAGELIN KENT LLC, BUFFALO (VICTOR M. WRIGHT OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Timothy
J. Walker, A.J.), entered November 17, 2011 in a personal injury
action. The order granted the motion of defendants for summary
judgment on the issue of serious injury and dismissed the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries she sustained when the vehicle in which she was a passenger
was struck by a vehicle owned by defendant Kathleen M. Siglin and
operated by defendant Robin Doubrava. We conclude that Supreme Court
properly granted defendants' motion for summary judgment dismissing
the complaint on the ground that plaintiff did not sustain a serious
injury within the meaning of Insurance Law § 5102 (d). Defendants met
their initial burden of establishing that plaintiff did not sustain a
serious injury under any of the categories alleged, i.e., the
permanent consequential limitation of use, significant limitation of
use and 90/180-day categories, and plaintiff failed to raise a triable
issue of fact in opposition (*see generally Zuckerman v City of New
York*, 49 NY2d 557, 562).

In support of their motion, defendants submitted the affirmed
report of a neurologist who examined plaintiff and her medical records
at the request of defendants. Defendants' expert concluded that the
only objective medical findings with respect to any alleged injury
related to a preexisting degenerative condition of the spine. "[W]ith
persuasive evidence that plaintiff's alleged pain and injuries were
related to a preexisting condition, plaintiff had the burden to come
forward with evidence addressing defendant[s'] claimed lack of
causation" and, here, plaintiff failed to meet that burden (*Carrasco v*

*Mendez*, 4 NY3d 566, 580; *see Briody v Melecio*, 91 AD3d 1328, 1329). Although plaintiff submitted the reports of three examining physicians, none of those physicians concluded that plaintiff's herniated discs or disc protrusions at C5-6 and/or C6-7 were caused by the accident.  Indeed, the report of an examining neurologist submitted by plaintiff concluded that she had "pre-existing degenerative disc disease of the cervical spine (as evidenced on cervical spine MRI of 10/28/08 performed only three weeks after the motor vehicle accident)."  Contrary to plaintiff's contention, there is nothing speculative or otherwise inappropriate relating to the interpretation and use of the MRI reports by defendants' expert in formulating his opinions (*see Carrasco*, 4 NY3d at 578-579).

Entered:  October 5, 2012                    Frances E. Cafarell
                                             Clerk of the Court