# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1211**
**CA 12-00865**
PRESENT: SCUDDER, P.J., FAHEY, CARNI, VALENTINO, AND MARTOCHE, JJ.

---

HARRY J. HAWKINS, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

SHANNON E. BRYANT, DEFENDANT-APPELLANT.

---

BARTH SULLIVAN BEHR, BUFFALO (ANDREW J. KOWALEWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

-------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered August 11, 2011 in a personal injury action. The order denied defendant's motion for summary judgment and granted plaintiff's cross motion for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of the cross motion on the issue of serious injury and granting the motion in part and dismissing the complaint, as amplified by the bill of particulars, with respect to the 90/180-day category of serious injury within the meaning of Insurance Law § 5102 (d) and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained in a motor vehicle accident when the vehicle he was driving was struck by a vehicle owned and operated by defendant. Defendant thereafter moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury in the accident within the meaning of Insurance Law § 5102 (d). Supreme Court denied defendant's motion and granted plaintiff's cross motion for summary judgment on the issues of serious injury and negligence. We note at the outset that, as plaintiff notes in his brief, he did not oppose defendant's motion with respect to the 90/180-day category of serious injury. We therefore modify the order by denying the cross motion with respect to that category of serious injury and by granting the motion to that extent.

We conclude that the court erred in granting those parts of plaintiff's cross motion for summary judgment with respect to the two remaining categories of serious injury alleged by plaintiff, i.e., permanent consequential limitation of use and significant limitation of use, but properly denied those parts of defendant's motion with

respect thereto.  We therefore further modify the order accordingly.
Defendant is correct that she met her initial burden by submitting
medical records and reports constituting "persuasive evidence that
plaintiff's alleged pain and injuries were related to . . .
preexisting condition[s]" (*Carrasco v Mendez*, 4 NY3d 566, 580; *see
Spanos v Fanto*, 63 AD3d 1665, 1666).  As a result, plaintiff had the
burden of coming forward with evidence addressing defendant's claimed
lack of causation (*see Carrasco*, 4 NY3d at 580; *Briody v Melecio*, 91
AD3d 1328, 1329).  We agree with defendant that the affidavit of
plaintiff's treating chiropractor submitted by plaintiff fails to
address the issue of causation and thus was insufficient to raise a
triable issue of fact on causation (*see Smith v Besanceney*, 61 AD3d
1336, 1337-1338; *Caldwell v Grant* [appeal No. 2], 31 AD3d 1154, 1155).
However, plaintiff's treating orthopedic surgeon, who reviewed the
results of plaintiff's X rays and MRI scans, opined that the accident
was the "competent and producing cause of [plaintiff's] spinal
conditions by means of activation aggravation of his lumbar stenosis
and degenerative spondylosis and causing worsening of the disc
herniations in the lumbar spine."  Thus, plaintiff raised a triable
issue of fact with respect to causation (*see Seck v Balla*, 92 AD3d
543, 544).  We further conclude that plaintiff's submissions contain
the requisite objective medical findings sufficient to raise issues of
fact whether plaintiff sustained a serious injury under both
categories of serious injury alleged by him (*see generally Toure v
Avis Rent A Car Sys*., 98 NY2d 345, 350; *Roll v Gavitt*, 77 AD3d 1412,
1413)*.

We further conclude that the court properly granted that part of
plaintiff's cross motion for summary judgment on the issue of
negligence.  Plaintiff met his initial burden by establishing as a
matter of law "that the sole proximate cause of the accident was
defendant's failure to yield the right of way" to plaintiff and
defendant failed to raise a triable issue of fact (*Kelsey v Degan*, 266
AD2d 843, 843; *see Guadagno v Norward*, 43 AD3d 1432, 1433; *see also
Fratangelo v Benson*, 294 AD2d 880, 881).  There is no evidence that
plaintiff could have done anything to avoid the collision (*see
Driscoll v Casey*, 299 AD2d 885, 885; *Bolta v Lohan*, 242 AD2d 356, 356)
and we note that, in approaching the intersection, plaintiff was
entitled to anticipate that defendant "would comply with the Vehicle
and Traffic Law and yield the right-of-way" (*Colaruotolo v Crowley*,
290 AD2d 863, 864).

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court