■ Richard Fields, Respondent, v Lambert Houses Redevelopment Corp. et al., Appellants. [965 NYS2d 23]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered January 31, 2012, which, to the extent appealed from as limited by the briefs, denied defendants' motion to strike or vacate plaintiff's amended bill of particulars, and denied defendants' motion for summary judgment dismissing the complaint's first cause of action, unanimously affirmed, without costs.

On January 28, 2006, plaintiff filed a summons and complaint asserting, among other things, causes of action for personal

injury due to mold exposure in his apartment, which was owned and managed by defendants. He alleged that he was "caused to sustain asthma, sinusitis, chronic headaches, facial swelling, nose bleeds and other serious personal injuries" due to defendants' failure to remove the mold and prevent its growth. Plaintiff's verified bill of particulars alleged that his exposure to mold commenced in or about August 2003. It further asserted that he was treated at the emergency room of Bronx Lebanon Hospital Center on February 12, 2003 and September 30, 2003.

Plaintiff testified at his deposition that he first saw mold in his apartment in January 2003. He stated that he had started to experience sinusitis, sleeplessness, headaches and depression in February 2003, and sought medical treatment at Bronx Lebanon Hospital Center that month. He further testified that, during that visit, he explained to the doctor that he had mold in his apartment, and that the doctor attributed his symptoms to the conditions in his apartment.

Plaintiff filed a note of issue on November 10, 2009. The IAS court vacated the note of issue on March 12, 2010 pursuant to a stipulation between the parties whereby defendants were permitted to conduct a medical examination of plaintiff and plaintiff was permitted to supplement his bill of particulars to include special damages.

Before plaintiff refiled his note of issue, defendants moved for summary judgment dismissing the complaint, arguing, among other things, that plaintiff's personal injury claims were time-barred. In support, they cited plaintiff's deposition testimony in which he claimed that he first saw mold in his apartment in January 2003, that he first sought treatment for symptoms in February 2003, and that his doctors had attributed his symptoms to mold exposure during that visit. They argued that the evidence demonstrated that plaintiff discovered his injury by February 2003, and that as a result, the three-year statute of limitations afforded by CPLR 214-c (2) had expired by February 2006, four months before the commencement of this action. Two days after defendants moved, plaintiff served a supplemental bill of particulars, which differed from his original bill of particulars only insofar as it added estimated medical expenses.

Plaintiff subsequently submitted his affidavit in opposition to defendants' motion. He stated that he had mistakenly testified at his deposition that he went to the emergency room in February 2003 for symptoms related to his exposure to mold in his apartment. Indeed, he stated that his February 2003 hospital visit did not relate to his mold exposure, but instead to anxiety resulting from his home having recently been burglarized. He

added that he did not seek treatment for injuries related to mold exposure until September 2003. He attributed his failure to give accurate information at the deposition to the facts that when it was held, 6½ years had already passed since the relevant events, and that he failed to review his hospital records prior to his deposition. After oral argument of the motion, plaintiff served an amended bill of particulars, which deleted any reference to treatment in February 2003.

After agreeing to withdraw their motion for summary judgment, without prejudice, and to refile within 45 days, defendants renewed the motion.* The renewed motion additionally sought to vacate plaintiff's amended bill of particulars. Plaintiff's attorney filed an affirmation in opposition, which argued that the action was timely, and that plaintiff properly filed the amended bill of particulars. Attached to the affirmation were two hospital records, one from plaintiff's February 12, 2003 visit to Bronx Lebanon Hospital Center, and one from his September 3, 2003 visit. The February record reported that plaintiff had complained of headaches and sleeplessness following a robbery. It listed no other symptoms or causes for plaintiff's symptoms. The September record indicated that plaintiff had been suffering from headaches and nosebleeds for two months. It also stated that plaintiff had found mold in his home and believed the mold to be the cause of his symptoms.

Supreme Court denied defendants' motion for summary judgment. It held that plaintiff properly served his amended bill of particulars, given the pre-note of issue posture of the case. The court also held that there was an issue of fact as to whether plaintiff timely commenced the action, noting that there was a question of credibility on the matter of when plaintiff began to experience mold-related symptoms, which it could not assess in a summary judgment motion.

On appeal, defendants argue that plaintiff's amended bill of particulars was untimely and meritless. They contend that plaintiff was not entitled to amend his bill of particulars as of right under CPLR 3042 (b), because he had already filed a note of issue. They argue that the court vacated the note of issue solely to allow defendants to take plaintiff's physical examination, and to allow plaintiff to serve a supplemental (not amended) bill of particulars as to special damages. Defendants further claim that plaintiff offered no reasonable excuse for the belated service of the amended bill after the completion of

---

* Defendants withdrew the motion because in attaching plaintiff's deposition transcript as an exhibit they inadvertently left off the signature page and errata sheet.

discovery and the submission of defendants' first summary judgment motion.

Defendants additionally argue that no triable issue of fact exists as to whether plaintiff's personal injury claim is barred by the three-year statute of limitations, since he admitted at his deposition that he discovered the mold condition and its toxic effects on his body more than three years before he commenced the action. Defendants argue that this Court should disregard plaintiff's affidavit, which they characterize as "self-serving," since it contradicts the deposition testimony.

A party may amend its bill of particulars once as of course before the filing of the note of issue (CPLR 3042 [b]). In *Vargas v Villa Josefa Realty Corp.* (28 AD3d 389, 391 [1st Dept 2006]), this Court held that an amended bill of particulars was properly served because the note of issue had been vacated. Here, when plaintiff served his amended bill of particulars, the court had vacated the original note of issue. Nothing in the record suggests that a second note of issue had been filed. Furthermore, plaintiff had not yet amended his bill of particulars. Therefore, plaintiff properly served his amended bill of particulars without obtaining leave from the court.

An affidavit submitted in opposition to a motion for summary judgment does not raise a triable issue of fact where the affidavit "can only be considered to have been tailored to avoid the consequences of . . . earlier testimony" (*Phillips v Bronx Lebanon Hosp.*, 268 AD2d 318, 320 [1st Dept 2000]). A court can infer dishonest intent where there is no supporting evidence for the contradictory affidavit (*see Beaubrun v New York City Tr. Auth.*, 9 AD3d 258, 259 [1st Dept 2004]). However, evidence in the record apart from the affidavit itself can raise a triable issue of fact, notwithstanding contradictory deposition testimony (*see Kalt v Ritman*, 21 AD3d 321, 323 [1st Dept 2005]).

Here, the hospital records submitted by plaintiff support his theory that the action was timely, and suggest that his deposition was the product of true forgetfulness. The documents credibly support the theory that plaintiff did not tailor his affidavit solely to avoid the consequences of his deposition testimony, but to reflect the true historical record. Defendants ignore the records and seek summary judgment based solely on plaintiff's contradictory statements. Indeed, they would be entitled to summary judgment had plaintiff merely submitted his deposition transcript and affidavit, without the hospital records (*see Phillips*, 268 AD2d at 320). However, where there is arguably a genuine issue of fact, such a determination is improper, and a

party's credibility remains a matter for a jury to consider (*see Glick & Dolleck v Tri-Pac Export Corp.*, 22 NY2d 439, 441 [1968]). Concur—Mazzarelli, J.P., Acosta, Freedman, Richter and Gische, JJ.