# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1304**

**CA 13-00161**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

ERIC M. FISHER AND DENISE E. FISHER,
PLAINTIFFS-RESPONDENTS,

V                                    MEMORANDUM AND ORDER

NATHANIEL C. HILL AND MELINDA J. HILL,
DEFENDANTS-APPELLANTS.

---

LAW OFFICES OF KAREN LAWRENCE, PITTSFORD (BARNEY F. BILELLO OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

RICHARD D. GRISANTI, ARCADE, FOR PLAINTIFFS-RESPONDENTS.

-----------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Wyoming County (Mark
H. Dadd, A.J.), entered October 5, 2012 in a personal injury action.
The order denied the motion of defendants for summary judgment
dismissing the complaint.

It is hereby ORDERED that the order so appealed from is reversed
on the law without costs, the motion is granted and the complaint is
dismissed.

Memorandum: Plaintiffs commenced this action seeking damages for
injuries allegedly sustained by Eric M. Fisher (plaintiff) when the
vehicle he was driving collided with a vehicle operated by defendant
Nathaniel C. Hill and owned by defendant Melinda J. Hill. Supreme
Court denied defendants' motion seeking summary judgment dismissing
the complaint on the ground that plaintiff did not sustain a serious
injury within the meaning of Insurance Law § 5102 (d). We conclude
that the court erred in determining that defendants failed to meet
their initial burden of establishing that plaintiff did not sustain a
serious injury (*see generally Zuckerman v City of New York*, 49 NY2d
557, 562). In support of their motion, defendants submitted medical
records and the affirmed report of a neuroradiologist who examined
plaintiff's medical records at defendants' request. The
neuroradiologist concluded that the objective medical findings related
only to a preexisting condition in plaintiff's spine. "[W]ith
persuasive evidence that plaintiff's alleged pain and injuries were
related to a preexisting condition, plaintiff[s] had the burden to
come forward with evidence addressing defendant[s'] claimed lack of
causation" and, here, plaintiffs failed to meet that burden (*Carrasco
v Mendez*, 4 NY3d 566, 580; *see Mendola v Doubrava*, 99 AD3d 1247,
1248). In particular, plaintiffs' submissions did not adequately
address how plaintiff's alleged injuries, "in light of [his] past

medical history, [were] causally related to the subject accident" (*D'Angelo v Litterer*, 87 AD3d 1357, 1357 [internal quotation marks omitted]).  Notably, plaintiff's treating physician did not diagnose any fracture after the accident, and the equivocal observation of his neurosurgeon, made 15 months after the accident, that plaintiff "may have actually" sustained a fracture is insufficient to raise an issue of fact (*see Brackenbury v Franklin*, 93 AD3d 423, 423).  Plaintiffs' submissions are likewise insufficient to raise an issue of fact to the extent that they are based upon plaintiff's subjective complaints of pain (*see Sierson v Gacek*, 67 AD3d 1431, 1432, *lv denied* 14 NY3d 704).

All concur except WHALEN, J., who dissents in part and votes to modify in accordance with the following Memorandum:  I respectfully dissent because I conclude that there are issues of fact whether Eric M. Fisher (plaintiff) sustained a serious injury within the meaning of Insurance Law § 5102 (d) under the 90/180-day category.  I therefore conclude that Supreme Court properly denied defendants' motion to that extent, and would modify the order accordingly.  "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853; *see Zuckerman v City of New York*, 49 NY2d 557, 562).  "Once [that] showing has been made . . . , the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). Here, I conclude that defendants failed to meet their burden of establishing as a matter of law that plaintiff was able to perform substantially all of his usual activities for not less than 90 days of the 180 days immediately following the accident.  Specifically, defendants failed to establish what plaintiff's usual and customary daily activities were before and after the accident, and thus the burden never shifted to plaintiffs with respect to that category of serious injury (*see Paolini v Sienkiewicz*, 262 AD2d 1020, 1020; *see also* § 5102 [d]).  Indeed, the record establishes that, after the accident, plaintiff was unable to return to the physical activities associated with his toy train business, and that his wife and a friend had to perform all of the physical activities associated with the business.  Defendants also failed to establish what plaintiff's daily activities were outside of the business before and after the accident.

I further conclude that defendants failed to establish as a matter of law that plaintiff's injuries with respect to the 90/180-day category were related only to a preexisting condition.  The physician who offered an opinion to that effect on defendants' behalf based that opinion solely on a review of plaintiff's CT scans and X rays from 2006 to 2009.  He did not state that he reviewed plaintiff's deposition testimony or plaintiffs' bill of particulars or that he examined plaintiff in person.  Thus, the physician had no knowledge of what plaintiff's usual and customary daily activities were before and after the accident, and his opinion was therefore insufficient "to foreclose the 90/180-day category of serious injury" (*Colavito v Steyer*, 65 AD3d 735, 736).  Moreover, I note that the physician's

opinion with respect to plaintiff's preexisting medical condition fails to address plaintiff's alleged injury to his left leg. The record establishes that, although plaintiff had medical problems with his right leg prior to the accident, he alleges injuries to both legs as a result of the accident. The injury to plaintiff's left leg therefore must be a new injury, not a preexisting injury. Inasmuch as the physician's opinion fails to address plaintiffs' "essential factual allegations," I conclude that it is insufficient to establish defendants' entitlement to summary judgment (*Roques v Noble*, 73 AD3d 204, 206).