Appeal from an order of the Supreme Court, Wyoming County (Mark H. Dadd, A.J.), entered October 5, 2012 in a personal injury action. The order denied the motion of defendants for summary judgment dismissing the complaint.
It is hereby ordered that the order so appealed from is reversed on the law without costs, the motion is granted and the complaint is dismissed.
Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Eric M. Fisher (plaintiff) when the vehicle he was driving collided with a vehicle operated by defendant Nathaniel C. Hill and owned by defendant Melinda J. Hill. Supreme Court denied defendants’ motion seeking summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). We conclude that the court erred in determining that defendants failed to meet their initial burden *1194 of establishing that plaintiff did not sustain a serious injury (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). In support of their motion, defendants submitted medical records and the affirmed report of a neuroradiologist who examined plaintiffs medical records at defendants’ request. The neuroradiologist concluded that the objective medical findings related only to a preexisting condition in plaintiff’s spine. “[W]ith persuasive evidence that plaintiff’s alleged pain and injuries were related to a preexisting condition, plaintiff[s] had the burden to come forward with evidence addressing defendant^’] claimed lack of causation” and, here, plaintiffs failed to meet that burden (Carrasco v Mendez, 4 NY3d 566, 580 [2005]; see Mendola v Doubrava, 99 AD3d 1247, 1248 [2012]). In particular, plaintiffs’ submissions did not adequately address how plaintiffs alleged injuries, “in light of [his] past medical history, [were] causally related to the subject accident” (D’Angelo v Litterer, 87 AD3d 1357, 1358 [2011] [internal quotation marks omitted]). Notably, plaintiffs treating physician did not diagnose any fracture after the accident, and the equivocal observation of his neurosurgeon, made 15 months after the accident, that plaintiff “may have actually” sustained a fracture is insufficient to raise an issue of fact (see Brackenbury v Franklin, 93 AD3d 423, 423 [2012]). Plaintiffs’ submissions are likewise insufficient to raise an issue of fact to the extent that they are based upon plaintiffs subjective complaints of pain (see Sierson v Gacek, 67 AD3d 1431, 1432 [2009], lv denied 14 NY3d 704 [2010]).
All concur except Whalen, J., who dissents in part and votes to modify in accordance with the following memorandum.