# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**331**
**CA 14-01426**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

MELBA STEWART, FORMERLY KNOWN AS MELBA SADDLER,
PLAINTIFF-RESPONDENT-APPELLANT,

V                                        MEMORANDUM AND ORDER

KENNETH G. DUNKLEMAN, JR., ALSO KNOWN AS K.G.
DUNKLEMAN, JR., AND TOM GREENAUER DEVELOPMENT, INC.,
DEFENDANTS-APPELLANTS-RESPONDENTS.

---

DUKE, HOLZMAN, PHOTIADIS & GRESENS LLP, BUFFALO (HOWARD E. BERGER OF
COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS.

DOLCE PANEPINTO, P.C., BUFFALO (JOHN B. LICATA OF COUNSEL), FOR
PLAINTIFF-RESPONDENT-APPELLANT.

-------------------------------------------------------------------------------------------------------------

Appeal and cross appeal from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered June 30, 2014. The order denied the motion of defendants for summary judgment, granted the motion of plaintiff for leave to serve an amended bill of particulars and denied in part and granted in part the cross motion of plaintiff for partial summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, plaintiff's motion is denied and her cross motion is denied in its entirety, defendants' motion is granted, and the complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained in a 2009 motor vehicle accident with a tractor trailer owned by defendant Tom Greenauer Development, Inc., and operated by defendant Kenneth G. Dunkleman, Jr., also known as K.G. Dunkleman, Jr. Defendants appeal, as limited by their notice of appeal, from those parts of an order granting plaintiff's motion for leave to serve an amended bill of particulars, granting plaintiff's cross motion for partial summary judgment on the issue of defendants' negligence, and denying defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury under Insurance Law § 5102 (d). Plaintiff cross-appeals from those parts of the order denying her cross motion insofar as it sought partial summary judgment on the issues of serious injury and proximate cause.

We agree with defendants on their appeal that Supreme Court abused its discretion in granting plaintiff's motion for leave to

serve an amended bill of particulars.  Even assuming, arguendo, that we agree with plaintiff that the second bill of particulars that she served prior to the motion at issue was a supplemental bill of particulars rather than an amended bill of particulars (*cf. Jurkowski v Sheehan Mem. Hosp.*, 85 AD3d 1672, 1673-1674; *see generally* CPLR 3043 [b]), we note that she was nevertheless required to seek leave to serve the instant amended bill of particulars because the note of issue had been filed by defendants (*see* CPLR 3042 [b]).  Thus, we conclude that she mistakenly relies on the principle that she "may amend [her] bill of particulars once as of course before the filing of the note of issue" (*Fields v Lambert Houses Redevelopment Corp.*, 105 AD3d 668, 671; *see* CPLR 3042 [b]).  Furthermore, we note that, contrary to plaintiff's contention that the amendment was merely to correct an "oversight in the pleadings" that does not require leave of court to correct, "the allegation in the [proposed third] bill of particulars that the injuries allegedly sustained in the [2009] accident aggravated a prior condition presents a new theory not raised either in the complaint or in the original bill of particulars. Accordingly, the plaintiff was not entitled to serve the [proposed third] bill of particulars after the note of issue was filed without leave of the court" (*Barrera v City of New York*, 265 AD2d 516, 518).

"Leave to serve an amended bill of particulars should not be granted where a [note of issue] has been filed, except upon a showing of special and extraordinary circumstances" (*Sampson v Barber Salvage Co.*, 78 AD2d 977, 977; *cf. Glionna v Kubota, Ltd.*, 154 AD2d 920, 920). Although "delay alone is insufficient to deny a motion [for leave] to amend, when unexcused lateness is coupled with prejudice to the opposing party, denial of the motion is justified" (*Clark v MGM Textiles Indus., Inc.*, 18 AD3d 1006, 1006; *see Raymond v Ryken*, 98 AD3d 1265, 1266; *Phipps v Michalak*, 57 AD3d 1374, 1376).  Furthermore, a court should decline to exercise its discretion where there has been a delay in seeking leave to amend and " 'all the facts which might form the basis of the [amended bill of particulars] . . . were or should have been known' " to plaintiff when the original bill of particulars was served (*Dawley v McCumber*, 45 AD3d 1399, 1400; *see generally Morris v Queens Long Is. Med. Group, P.C.*, 49 AD3d 827, 828-829; *Blake v Wieczorek*, 305 AD2d 989, 991).

We agree with defendants that plaintiff failed to make the requisite "showing of special and extraordinary circumstances" that would permit them to amend their bill of particulars after the note of issue was filed (*Sampson*, 78 AD2d at 977).  In their demand for a bill of particulars, defendants asked that, if plaintiff was seeking to recover damages for the exacerbation of any preexisting injury, she state all such injuries and the manner in which they were aggravated. In the original bill of particulars, plaintiff indicated that she "[i]s not presently claiming aggravation of a pre[]existing injury," and in her "supplemental verified bill of particulars," she averred that she "sustained a neck injury before [the 2009] collision[, but she] is not claiming an exacerbation of this injury."  Discovery was conducted, and plaintiff testified at her deposition that she was not seeking to recover damages for exacerbation of the cervical spine

injuries that she sustained in a 2000 motor vehicle accident. Plaintiff sought to amend the bill of particulars by adding a claim for exacerbation of the preexisting neck injury only after the note of issue was filed and defendants had moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Thus, here there was an extended delay in moving for leave to amend inasmuch as the motion was made more than a year after the "supplemental" bill of particulars was served, plaintiff made no showing of good cause for that delay, and she was or should have been aware when the first and second bills of particulars were filed of the facts that form the basis of the proposed amended bill of particulars. Indeed, plaintiff specifically discussed those facts but disavowed any intention to seek recovery under such facts. Furthermore, defendants would be prejudiced by the proposed amendment because "[t]he amendment, if permitted, would require . . . defendants to reorient the defense strategy, as the plaintiff initially maintained that the [pre-2009] injuries were irrelevant to the instant action" (*Barrera*, 265 AD2d at 518). Finally, it is well settled that where, as here, a party moves for summary judgment, a "court should not consider the merits of a new theory of recovery, raised for the first time in opposition to a motion for summary judgment, that was not pleaded in the complaint" as amplified by the bill of particulars (*Mezger v Wyndham Homes, Inc*., 81 AD3d 795, 796; *see Ostrov v Rozbruch*, 91 AD3d 147, 154), and, as discussed above, plaintiff seeks to raise a new theory in opposition to the motion for summary judgment by her motion to amend the bill of particulars or, alternatively, to vacate the note of issue filed by defendants. Consequently, we agree with defendants that the court abused its discretion in granting plaintiff's motion insofar as it sought leave to serve an amended bill of particulars.

Next, we note that plaintiff contends that the court erred in refusing to grant the alternative relief sought in her motion, i.e., to vacate the note of issue so that leave to serve the amended bill of particulars would not be required (*see* CPLR 3042 [b]; *Fields*, 105 AD3d at 671). Plaintiff "is not aggrieved by [that part of the] order . . . and . . . , therefore, has no right to bring an appeal [from that part, but she] is entitled to raise an error made below, for review by the appellate court, as long as that error has been properly preserved and would, if corrected, support a judgment in [her] favor . . . Any such error is reviewable once[, as here,] the final . . . order has been properly appealed from by the losing party" (*Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 546). We conclude that the issue raised by plaintiff was properly preserved and would warrant a determination in her favor in the event that it had merit. Although we therefore consider her contention as an alternate ground for affirmance, we reject that contention. A party seeking to vacate a note of issue must make such a motion within 20 days after service thereof (*see* 22 NYCRR 202.21 [e]; *Sansone v Sansone*, 114 AD3d 748, 748), and plaintiff concedes on appeal that her motion was untimely. The court may consider an untimely motion upon a showing of good cause (*see* 22 NYCRR 202.21 [e]), but plaintiff failed to address that issue, and thus the court properly refused to vacate the note of issue.

We also agree with defendants that the court erred in denying their motion for summary judgment dismissing the complaint against them.  In support of their motion, defendants submitted plaintiff's medical records, including records from her treating physician and the reports from numerous X rays, an MRI, and an expert medical opinion establishing that each of the injuries for which she sought recovery existed prior to the subject motor vehicle accident.  With respect to a claim for a serious injury under all of the relevant threshold categories of Insurance Law § 5102 (d), where a defendant seeking summary judgment submits " 'persuasive evidence that plaintiff's alleged pain and injuries were related to a preexisting condition, plaintiff ha[s] the burden to come forward with evidence addressing defendant[s'] claimed lack of causation' " (*Mendola v Doubrava*, 99 AD3d 1247, 1248, quoting *Carrasco v Mendez*, 4 NY3d 566, 580; *see e.g. Hawkins v Bryant*, 101 AD3d 1613, 1614; *Hartman-Jweid v Overbaugh*, 70 AD3d 1399, 1400).  Here, plaintiff failed to meet that burden.

Contrary to plaintiff's contention, she failed to raise an issue of fact whether she sustained a serious injury based upon her allegation that she sustained a ligamentous instability from the subject accident.  Even assuming, arguendo, that the medical records and expert opinion upon which she relies were properly considered by the court, we note that her treating physician merely opined that a digital motion X ray report, which is not included in the record on appeal and was not submitted to the motion court, showed "evidence of an anterior listhesis at C2-3 and C3-4 in full flexion suggesting ligamentous instability of the posterior longitudinal ligament."  Inasmuch as the expert never opined that plaintiff sustained such an injury or connected it to the accident at issue, there is no evidence addressing defendants' proof of lack of serious injury.

With respect to her contention that she exhibited muscle spasms as the result of the subject accident, plaintiff's "submissions are likewise insufficient to raise an issue of fact [inasmuch as] they are based upon plaintiff's subjective complaints of pain" (*Fisher v Hill*, 114 AD3d 1193, 1194, *lv denied* 23 NY3d 909; *see Levinson v Mollah*, 105 AD3d 644, 644; *Dantini v Cuffie*, 59 AD3d 490, 491, *lv denied* 13 NY3d 702), and plaintiff's submissions also failed to address the opinion of defendants' expert that plaintiff exhibited such spasms prior to the 2009 accident.  Plaintiff's contention that the subject accident caused an annular tear is also insufficient to raise an issue of fact.  Defendants' expert established that such annular tear existed and was shown, inter alia, on an MRI taken a year before the subject accident, and plaintiff's expert failed to address that showing.

We have considered the remaining contentions of the parties on appeal and cross appeal, and conclude that they are without merit, or are academic in light of our determination.


Entered:  May 1, 2015                        Frances E. Cafarell
                                             Clerk of the Court